IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA ANN CALIPO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-14 |
| | ) | |
| v. | ) | |
| | ) | |
| ERIE COUNTY OFFICE OF | ) | District Judge Susan Paradise Baxter |
| CHILDREN & YOUTH SERVICES, | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Julia Ann Calipo ("Plaintiff"), acting *pro se*, initiated this civil rights action by filing a motion to proceed *in forma pauperis* on January 14, 2019. ECF No. 1. In her pleading, styled a "Nunc Pro Tunc Allowance of Appeal," Plaintiff seeks an appeal from an order entered in the Erie County Court of Common Pleas terminating her parental rights to her minor child. ECF No. 1-1 at 3-4, 9.

On January 17, 2019, the undersigned issued a Report and Recommendation that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on three alternative grounds. First, the Court determined that Plaintiff's claims are barred by the Rooker-Feldman doctrine because they challenge the outcome of a child custody proceeding in state court. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3rd Cir. 2010) (noting that federal courts are barred from exercising jurisdiction over suits "that are essentially appeals from state-court judgments."). Second, the Court observed that Plaintiff's proposed complaint contained an averment that she had an "ongoing appeal which addresses involuntary termination of parental rights in state court." Based on this averment, the Court held that Plaintiff's claims

1

ran afoul of the United States Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 43-44 (1971), which compels federal courts to abstain from exercising jurisdiction where the federal adjudication would disrupt an ongoing state court proceeding. Finally, the Court held that Plaintiff's claims were barred by the sovereign immunity afforded to states and state agencies by virtue of the Eleventh Amendment.

Presently pending before the Court is a document styled a "Motion for allowance of appeal, Motion for Reconsideration of dismissal." ECF No. 4. Because Plaintiff characterizes this filing as a motion for reconsideration, rather than an objection to the Report and Recommendation, the motion was referred to the undersigned for consideration. See ECF No. 4.

Although Plaintiff devotes the bulk of her motion to simply restating the claims in her proposed complaint, one issue warrants closer attention. Plaintiff acknowledges that she inadvertently misled the Court into believing that "an existing appeal was ongoing" because of "a miswording" in her proposed complaint. Contrary to that initial representation, she now clarifies that her appeals to both the Superior Court and the Pennsylvania Supreme Court have each been rejected. ECF No. 4 ¶¶ 4-5. Based on these averments, the Court agrees that the Younger abstention doctrine, which applies only to ongoing state court proceedings, no longer applies. However, nothing in Plaintiff's motion for reconsideration undermines the Court's recommendation that her claims are also barred by the Rooker-Feldman doctrine and Eleventh Amendment immunity.

In light of the foregoing, the Court will partially grant Plaintiff's motion for reconsideration and recommend to the District Court that the portion of the Report and Recommendation addressing Plaintiff's claims pursuant to Younger v. Harris be disregarded. The remainder of the Report and Recommendation stands as written. It remains the

recommendation of the undersigned that this action be dismissed as frivolous pursuant to § 1915(e)(2).

    IT IS SO ORDERED.

                                                      <u>/s/ Richard A. Lanzillo</u>
                                                     RICHARD A. LANZILLO
                                                   United States Magistrate Judge

Dated: February 11, 2019